**Bessie MILLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–01001–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 25, 1993.

Jim Heaney, Houston, for appellant.

John B. Holmes, Jr., Mary Lou Keel, Vanessa Velasquez, Houston, for appellee.

Before COHEN, MIRABAL and PRICE,* JJ.

## OPINION

COHEN, Justice.

Appellant, Bessie Mills, was found guilty by a jury of 10 counts of cruelty to animals, under former TEX. PENAL CODE ANN. § 42.11.[1] The 10 counts were contained in two informations, each having five counts. All 10 counts on the two informations were tried jointly, pursuant to TEX. PENAL CODE ANN. § 3.02(a), (b) (Vernon 1974). The jury assessed punishment, on only count number one of cause number 88–30997, at 365 days confinement and a $2000.00 fine, both probated. The jury assessed punishment on every other count at zero days and zero fine. The trial court entered judgments accordingly.

On a previous appeal to this Court, *Mills v. State*, 802 S.W.2d 400 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd), we affirmed the judgment on count number one of cause number 88–30997, and vacated the portions of the judgments assessing sentences on the nine remaining counts, because those sentences were below the statutory minimum imposed by subsection (d) of section 42.11. We remanded those counts to the trial court for a punishment hearing.

The mandate from this Court reached the trial court on August 1, 1991. On that day, the trial judge sentenced appellant on the then-final judgment on count one of case number 88–30997. He ordered probation on count one to begin that day and to terminate on July 31, 1992. However, no punishment hearing was held on the nine remaining counts. Mills completed her pro-

---

* The Honorable Frank Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Act of June 12, 1985, 69th Leg., R.S., ch. 549, § 1, 1985 Tex.Gen. Laws 2152, *amended by* Act of May 10, 1991, 72nd Leg., R.S., ch. 78, § 1, 1991 Tex.Gen. Laws 649. The current version of section 42.11 is at TEX. PENAL CODE ANN. § 42.11 (Vernon Supp.1993).

bated sentence on count one on July 31, 1992, and was discharged. Then, the trial court scheduled a punishment hearing on the other nine counts.

On August 27, 1992, Mills filed in the trial court a petition for writ of habeas corpus, asserting that no punishment hearing could be held. The trial judge heard Mills' petition, denied relief, and set a date for the new hearing on punishment. Mills appeals the denial of habeas corpus relief. We grant partial relief.

■ In her first point of error, Mills contends that because the 10 counts against her were tried together and she has completed her probated sentence on count one, TEX. PENAL CODE ANN. § 3.03 (Vernon 1974) precludes a new hearing on punishment. She contends that section 3.03 requires concurrent sentences when multiple cases are tried together, and that requirement cannot be met here because she has already completed her probated sentence on count one. We agree, in part.

Section 3.03 does not preclude a new punishment hearing here, but under these particular facts, it precludes the judge from assessing any punishment other than a fine. Cruelty to animals was, at the time of appellant's offense, a class A misdemeanor, that "shall be punished" by a fine not exceeding $2,000.00 or imprisonment not to exceed one year, or both. TEX. PENAL CODE ANN. § 12.21 (Vernon 1974).[2] In addition, section 3.03 provides:

> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty *shall be pronounced*. Such sentences shall run concurrently.

(Emphasis added.)

Thus, a new punishment hearing is required to satisfy the section 3.03 requirement that sentence "for each offense ... shall be pronounced." That requirement is not satisfied by pronouncing a void sentence, as happened at trial. Moreover, sec-

tion 12.21 of the Penal Code provides that, "an individual adjudged guilty of a class A misdemeanor *shall be punished*" by fine or jail or both. Appellant was not punished on nine counts. Therefore, that requirement has not been met on nine of the 10 counts. We hold that a punishment hearing is necessary to meet these requirements, unless some other statute or constitutional provision prevents the imposition of sentence under these (hopefully) unique circumstances.

■ We agree with the State that the jury may assess a fine of up to $2,000.00 on each of the nine counts without violating the section 3.03 requirement for concurrent sentences. This Court has held that section 3.03 is not applicable to fines. *Mountain v. State*, 789 S.W.2d 663, 665 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). Authorities cited in *Mountain* demonstrate that for at least 75 years before the enactment of section 3.03, the Court of Criminal Appeals held that judgments imposing fines are cumulative. Thus, we hold that the jury may assess a fine on each of the nine counts, ranging from one cent to $2,000.00. Any such fine should not be probated, for reasons about to be stated.

■ We also hold that the jury may not assess any punishment of imprisonment or probated imprisonment because it is impossible to run any such sentence or probation concurrently with the probation that appellant has already served. The State allowed this situation to occur by remaining silent on two occasions when it should have spoken.

The State chose to try these cases together and thus to have all sentences run concurrently. When the jury returned its verdict assessing no punishment on nine counts, the State did not object to the verdict, did not object to the judgment, and sought no relief whatsoever. Furthermore, after the Court of Criminal Appeals refused a petition for discretionary review on April 17, 1991, the mandate was re-

---

2. Section 12.21 has since been amended to provide that a person guilty of a Class A misdemeanor "shall be punished" by a fine not to exceed $3,000, a year in jail, or both. Act of May 14, 1991, 72nd Leg., R.S., ch. 108, § 1, 1991 Tex.Gen. Laws 681, 681.

turned to the trial court on August 1, 1991. On that date, the trial judge ordered, in accordance with the jury's verdict, that probation begin on count one, to expire on July 31, 1992. The State could have asked then for a punishment hearing on the other nine counts, so that those punishments would be concurrent with that assessed on the one valid count. Our record does not show that the State did anything then to obtain concurrent sentencing on the other nine counts. Instead, the State allowed appellant's probation to begin, to run, and to end, and then returned to court seeking additional punishment. That is precisely what section 3.03 prohibits.

■■ In civil cases, a party dissatisfied with a jury verdict must object to it before the jury is discharged. *Roling v. Alamo Group (USA), Inc.*, 840 S.W.2d 107, 109–10 (Tex.App.—Eastland 1992). Our unified rules of appellate procedure, specifically TEX.R.APP. P. 52(a), require a party to make a timely request, objection, or motion or suffer waiver. *Id.* It is appropriate to invoke this rule against the State here because the State has received the full benefit of a joint trial, but now seeks to deny appellant her benefit from a joint trial, the right to concurrent sentencing.

The Court of Criminal Appeals has frequently cited as authority the Penal Code Practice Commentaries by Seth Searcy, III and James R. Patterson of Austin. Their commentary on section 3.03 is consistent with our holding. It provides:

> In effect this section treats multiple convictions resulting from prosecution of joined offenses as a single conviction for sentencing purposes. A separate sentence is pronounced for each conviction— so that, for example, if one conviction is invalidated on appeal valid sentences will remain—but any imprisonment assessed must run concurrently.

Our holding is also consistent with TEX. CODE CRIM.P.ANN. art. 42.08 (Vernon Supp. 1993), which provides that a judge generally may cumulate sentences, including suspended sentences, "provided, however, that the ... cumulative total of suspended sentences in misdemeanor cases shall not exceed the maximum period of imprisonment in jail applicable to the misdemeanor offenses ..." The maximum period in jail on these 10 counts was one year because they were tried together under section 3.03. Thus, the maximum cumulative total of suspended sentences in this case is also one year, and appellant has already served it. Consequently, the trial court may not assess any additional probated sentences.

We sustain point of error one to that extent.

We also sustain point of error two in part, and hold that the State waived its right to seek any punishment other than a fine on each of the remaining nine counts.

Point of error three is sustained in part to the same extent as points of error one and two, and the same relief is granted.

Point of error four was not briefed properly under TEX.R.APP.P. 74. It is therefore waived.

Appellant's request for habeas corpus relief is granted to the following extent only: the trial court may conduct a punishment hearing, but it may not assess any punishment other than a nonprobated money fine of one cent to $2,000.00 on each of the nine remaining counts. All other relief sought by appellant is denied.