COURT OF APPEALS












COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

THE STATE OF TEXAS,                                     )

                                                                              )              
No.  08-02-00383-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
383rd District Court

JAMES CROOK,                                                 )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               (TC# 20010D03480)

                                                                              )

 

 

O
P I N I O N

 

Appellee was
convicted of the offense of barratry and was assessed punishment at 10 years= confinement, probated for 7 years=, and a $10,000 fine.  On appeal, the State raises a single issue in
which it argues that the trial court entered an illegal sentence as a result of
its failure to cumulate Appellee=s
fines.  We affirm.

PROCEDURAL
BACKGROUND








After a jury
trial, Appellee was found guilty on thirteen counts of barratry.  Prior to signing the judgment, the trial
court held a hearing to determine whether to cumulate the fines.  On August 23, 2002, the trial court held a
hearing, the State presented the trial judge with the following cases:  Mills v. State, 848 S.W.2d 878
(Tex.App.--Houston [1st Dist.] 1993, no pet.); Rocky Mountain v. State,
789 S.W.2d 663 (Tex.App.--Houston [1st Dist.] 1990, pet. ref=d); and Veteto v. State, 8
S.W.3d 805 (Tex.App.--Waco 2000, no pet.). 
The trial court believing it was within its discretion to cumulate the
fines, refused to do so.  Instead, the
trial court ordered the fines to run concurrently.

DISCUSSION

In its single
issue, the State argues that the trial court=s
order making the Appellee=s
fines consecutive was without authority and therefore, the sentence entered was
illegal.  The State begins its argument
by citing to Rocky Mountain v. State, to support its contentions that
pecuniary fines in misdemeanor cases are cumulated and to extend that reasoning
to felony cases where prison sentences are required to run concurrently.  We note however that Rocky Mountain
does not specifically state that cumulative fines apply to felony cases.  See Rocky Mountain, 789 S.W.2d at
665.  The State cites to another case, Mills
v. State, involving a misdemeanor conviction in which the Court held that
Section 3.03 of the Texas Penal Code does not apply to fines.  Mills, 848 S.W.2d at 880.  Texas Penal Code Section 3.03(a) states:

When the accused is found guilty of
more than one offense arising out of the same criminal episode prosecuted in a
single criminal actions, a sentence for each offense for which he has been
found guilty shall be pronounced.

 

Tex.Pen.Code
Ann. '
3.03(a)(Vernon 2003).

Finally, the State
cites to Veteto v. State.  In Veteto,
the defendant was convicted of three counts of the felony offense of aggravated
sexual assault of a child and was assessed a fine of $5,000 for each
count.  The Court of Appeals in that
case, upheld the imposition of the cumulated fines.  The Court in Veteto cited to Rocky
Mountain v. State and stated the following:








The Texas Penal Code requires sentences
to run concurrently where an accused is found guilty of more than one offense
arising out of the same criminal episode. See Tex.Pen.Code Ann. '
3.03(a)(Vernon
Supp.2000).  The Court of Criminal
Appeals has not interpreted the meaning of the term >sentence=; however, the long standing rule has
been that fines are cumulated and the Penal Code does not alter that rule.  Mountain v. State, 789 S.W.2d 663, 665
(Tex.App.--Houston [1st Dist.] 1990, pet. ref=d);
Mills v. State, 848 S.W.2d 878, 880 (Tex.App.--Houston [1st Dist.] 1993,
no pet.).  The Court has not taken issue
with this interpretation, and neither will we. 
We find no error with the trial court=s
correction of its pronouncement of sentence which contravened this long
standing rule.

 

Veteto, 8 S.W.3d at
818.  We agree with the State=s contention that Section 3.03 of the
Texas Penal Code does not apply to fines. 
However, we do not find that case law without exception calls for all
fines to be cumulated.  The State has not
pointed to any authority mandating the trial judge to cumulated sentences in
felony cases[1].  The case law relied on by the State in its
appellate brief concerns misdemeanor offenses, and we do not find that such
case law makes cumulated sentences a requirement in felony cases.  The case law cited simply states that Texas Penal
Code Section 3.03 does not apply to fines. 
We find no abuse of discretion on the part of the trial judge in
deciding not to cumulate the fines. 
Accordingly, we find that the sentence imposed by the trial court was
not illegal.  We therefore overrule Issue
One.

            Accordingly, the judgment of the
trial court is affirmed.  

 

 

June
30, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

Larsen, J. (Not Participating)

 

(Do Not Publish)











[1]
Instead, the State argues that there is no authority that fines be consecutive
and that therefore, fines must be cumulated; that there is no authority to the
contrary.