The STATE of Texas

v.

James CROOK, Appellee.

No. PD–0001–07.

Court of Criminal Appeals of Texas.

Feb. 6, 2008.

Rehearing Denied March 19, 2008.

David L. Botsford, Austin, TX, for Appellant.

John L. Davis, Asst. District Atty., El Paso, Jeffrey L. Van Horn, State's Atty., Austin, TX, for State.

## OPINION

HERVEY, J., delivered the opinion of the Court in which MEYERS, PRICE, and KEASLER, JJ., joined.

In this case, we decide that the trial court was required to order appellee's thirteen fines (of $10,000 each) to run concurrently.

A jury convicted appellee in a single criminal action of thirteen counts of barratry,[1] which arose out of the same criminal episode.[2] The jury assessed punishment on each count at 10 years confinement with a recommendation of community supervision (probation) for this portion of appellee's sentence. The jury also assessed a $10,000 fine on each count with no recommendation of probation for this portion of appellee's sentence. The trial court placed appellee on probation for seven years on each count and ordered these periods of probation to run concurrently. Over the state's objection, the trial court also ordered the $10,000 fines to run concurrently. The state appealed, claiming that this portion of appellee's sentence is illegal,[3] because the trial court was required to order the fines to run consecutively instead of concurrently. The court of appeals rejected this claim,[4] and we granted review.[5]

With exceptions not applicable here, the general rule in cases like this is set out in

1. *See* Section 38.12, TEX. PEN.CODE, (defining "barratry").

2. *See* Section 3.01, TEX. PEN.CODE, (defining "criminal episode").

3. The state appealed under the statutory provision authorizing it to appeal a "sentence in a case on the ground that the sentence is illegal." *See* Article 44.01(b), TEX.CODE CRIM. PROC.

4. *See State v. Crook*, 2005 WL 1536230 (Tex. App.-El Paso, delivered June 30, 2005) (not designated for publication).

5. The grounds upon which we granted review state:

> *QUESTION FOR REVIEW ONE:* Because in a single prosecution resulting in a multi-count conviction for repeated commission of the same offense (such as this case), the imprisonment assessed each count (including probation) runs concurrently, but fines must always be cumulated, didn't the Court of Appeals err in holding that the trial court did not act without authority and did not render an illegal sentence when it refused to cumulate the fines totaling $130,000, instead ordering concurrent payment of the fines, in effect, ordering payment of one fine of $10,000?
>
> *QUESTION FOR REVIEW TWO:* Didn't the Court of Appeals err in holding that the law requiring cumulation of fines applies only in misdemeanor cases and not in all cases, including felonies?
>
> *QUESTION FOR REVIEW THREE:* Didn't the Court of Appeals err in holding that because case law interpreting section 3.03 of the Penal Code simply states that section 3.03 does not apply to fines, the trial court had the discretion to not cumulate the fines?

Section 3.03(a), Tex. Pen.Code, which, in relevant part, provides that "sentences shall run concurrently" when "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action."[6] It is undisputed in this case that appellee was "found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action." We do not understand the State to claim otherwise or to dispute that appellee's probationary terms should run concurrently. We understand the State to claim only that appellee's fines should run consecutively (and not concurrently).

This Court has decided, however, that a fine is part of a sentence. *See State v. Ross*, 953 S.W.2d 748, 750 (Tex.Cr.App. 1997) ("[A] sentence is nothing more than the portion of the judgment setting out the terms of punishment. For example, the sentence in this case would include the *facts* that appellant is to serve sixteen years in the penitentiary beginning July 28, 1995, that his term is concurrent and that he must pay a $500 fine.") (emphasis in original); *see also State v. Kersh*, 127 S.W.3d 775, 777 (Tex.Cr.App.2004) (sentence includes a fine).[7] The concurrent

sentences provision of Section 3.03(a) would, therefore, seem to plainly require that the fines in this case run concurrently.

The state argues, however, that this would be inconsistent with over 100 years of case law, which the state claims requires a holding in this case that fines run consecutively even though the terms of confinement (in this case, the probationary terms) run concurrently.[8] These cases, however, either pre-date Section 3.03(a)[9] or rely on these pre-section 3.03(a) cases in holding that the concurrent sentences provision of Section 3.03(a) does not apply to fines.[10] These cases, therefore, provide little, if any, guidance on whether this Court should construe the concurrent sentences provision of Section 3.03(a) to apply to fines. In addition, we have not found, and the state does not cite to, any decision from this Court addressing the issue of whether the concurrent sentences provision of Section 3.03(a) should be construed to apply to fines. We, therefore, conclude that this is an issue of first impression before this Court.

The argument has been made that the Legislature could not have intended the concurrent sentences provision of Section

**6.** Section 3.03(a) states:

When an accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

**7.** We further note that, if a "sentence" did not include a fine, then the state's appeal could not be based on Article 44.01(b) as an "appeal [of] a sentence in a case on the ground that the sentence is illegal."

**8.** *See, e.g., Ex parte Banks*, 41 Tex.Crim. 201, 53 S.W. 688, 689 (1899); *Veteto v. State*, 8 S.W.3d 805, 818 (Tex.App.-Waco 2000, pet.

ref'd); *Mills v. State*, 848 S.W.2d 878, 880 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd); *Juarez v. State*, 796 S.W.2d 523, 526 (Tex. App.-San Antonio 1990, pet. ref'd); *Rocky Mountain v. State*, 789 S.W.2d 663, 664–65 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd) and cited cases decided between 1899 and 1937.

**9.** *See, e.g., Banks*, 53 S.W. at 689; *Mills*, 848 S.W.2d at 880 ("for at least 75 years before the enactment of section 3.03, the [Texas] Court of Criminal Appeals held that judgments imposing fines are cumulative"); *Rocky Mountain*, 789 S.W.2d at 665 and cases cited (same).

**10.** *See, e.g., Veteto*, 8 S.W.3d at 818; *Mills*, 848 S.W.2d at 880; *Rocky Mountain*, 789 S.W.2d at 665 and cases cited.

3.03(a) to apply to fines, because a fine does not "run" like a term of confinement (or probation), which, unlike a fine, involves the passage of time. *See Mountain v. State*, 789 S.W.2d at 664–65 (setting out, but not necessarily adopting, the argument that "as a matter of common sense, only that portion of a sentence involving the passage of time can 'run' "); *see also Juarez*, 796 S.W.2d at 526 (relying on the Practice Commentary to Section 3.03 to decide that its concurrent sentences provision does not apply to fines).[11] It is, however, not apparent to us that the Legislature's use of the term "run" in Section 3.03(a) was meant to make a distinction between a term of confinement (or probation) and a fine for concurrent sentencing purposes.[12] The Practice Commentary is not definitive either, since its first sentence would seem to support construing the concurrent sentences provision of Section 3.03(a) to apply to the entire sentence, including fines. *See* Practice Commentary to Section 3.03 ("In effect this section treats multiple convictions resulting from prosecution of joined offenses as a single conviction for sentencing purposes.").

The legislative history of Section 3.03(a) also does not support the claim that the Legislature's use of the term "run" in Section 3.03(a) was intended to make a distinction between terms of imprisonment and fines for concurrent sentencing purposes. What is presently Section 3.03(a) was enacted by the 63rd Legislature in 1973 as part of the complete revision of the Texas Penal Code.[13] Prior to the enactment of Section 3.03(a) in 1973, the state could not obtain multiple convictions in the same criminal proceeding when a person committed multiple crimes during the same criminal episode. Section 3.03(a) changed prior law by providing for multiple convictions in one criminal proceeding under these circumstances with the defendant having the right to "concurrent sentences."[14]

Testifying on behalf of the Criminal Defense Lawyers Association at a Senate

**11.** In *Juarez*, 796 S.W.2d at 526, the San Antonio Court of Appeals relied on the following emphasized portion of the Practice Commentary to Section 3.03 to decide that the concurrent sentences provision of Section 3.03(a) does not apply to fines.

In effect [Section 3.03(a)] treats multiple convictions resulting from prosecution of joined offenses as a single conviction for sentencing purposes. A separate sentence is pronounced for each conviction—so that, for example, if one conviction is invalidated on appeal valid sentences will remain—but any *imprisonment assessed must run concurrently.*
*See* Practice Commentary to Section 3.03 (Vernon's 1974) (emphasis supplied).

**12.** Appellee argues that construing the concurrent sentences provision of Section 3.03(a) to make this distinction between a term of confinement and a fine would have the result of making it discretionary with the trial court on whether to run the fines concurrently or consecutively and that the trial court in this case did not abuse it discretion to order the

fines to run concurrently. *See* Article 42.08(a), TEX.CODE CRIM. PROC.

**13.** *See* Acts 1973, 63rd Leg., ch. 399, § 3.03, eff. January 1, 1974.

**14.** In a hearing before the Senate Jurisprudence Committee on May 8, 1973, Senator Santiesteban described what Chapter 3 was intended to accomplish. In describing then current law, Senator Santiesteban stated that if a person broke into a store, robbed and killed the storekeeper, and then set fire to the store, this person had to be tried on different indictments and in different trials for each of these crimes. Senator Santiesteban stated that, under the proposed Chapter 3, this person could be indicted for all these crimes in one multi-count indictment and tried for them in one trial, and the judge "shall sentence him with concurrent sentences." Senator Santiesteban described Chapter 3 as a "drastic change" in the law. *See* www.tsl.state.tx.us Senate Jurisprudence Committee hearing on 5/8/73, File 894 (13:17–14:42).

Sub–Committee on Criminal Matters hearing on March 27, 1973, Frank Maloney described the structure of Chapter 3. He testified that Chapter 3 was intended to permit the state to obtain multiple convictions and sentences in one criminal proceeding for multiple offenses committed during the same "criminal episode." He testified that *all* sentences in convictions obtained under Section 3.03(a) would run concurrently with the defendant being required to serve the harshest one imposed. He further described the defendant's right to sever,[15] which, if exercised, would expose the defendant to the possibility of consecutive sentences in the trial court's discretion.[16]

Testifying on behalf of the Texas County and District Attorneys Association at a House Criminal Jurisprudence Sub–Committee hearing on February 26, 1973, Tom Hanna, who was the Jefferson County District Attorney, agreed with Frank Maloney's description of Chapter 3. Mr. Hanna also testified that one of the purposes of Chapter 3 was to provide prosecutors with the ability to clear crowded dockets and to save tax-payer money by disposing of multiple crimes in one trial. He further testified that sentences under Section 3.03(a) must "run concurrently" unless the defendant exercised the right to sever, in which case the trial court would have the discretion to stack the sentences. Mr. Hanna testified that Chapter 3 was a "finely worked out balance" with prosecutors receiving the ability to clear crowded dockets and defendants receiving the right to concurrent sentences.[17]

■ There is nothing in the legislative history of Section 3.03(a) or any other provision of the 1974 Penal Code to indicate that anyone at any time ever took the position or even suggested that the concurrent sentences provision of Section 3.03(a) should not apply to fines.[18] The main dis-

15. *See* Section 3.04(a), Tex. Pen.Code.

16. *See* Section 3.04(b), Tex. Pen.Code; www.tsl.state.tx.us Senate Sub–Committee on Criminal Matters hearing on 3/27/73, File 966 (0–46:45)

17. *See* House Criminal Jurisprudence Sub–Committee hearing on February 26, 1973: Tape 1, Side 2 (145–600); Tape 2, Side 1 (0–600).

18. *See* www.tsl.state.tx.us (1) Senate Sub–Committee on Criminal Matters hearing on February 13, 1973: Files 930, 931; (2) Senate Sub–Committee on Criminal Matters hearing on February 14, 1973: Files 932, 933, 934; (3) Senate Sub–Committee on Criminal Matters hearing on February 20, 1973: Files 935, 936, 937, 938, 939; (4) Senate Sub–Committee on Criminal Matters hearing on February 21, 1973: File 940; (5) Senate Sub–Committee on Criminal Matters hearing on February 27, 1973: Files 941, 942, 943; (6) Senate Sub–Committee on Criminal Matters hearing on February 28, 1973: Files 944, 945, 946, 947; (7) Senate Sub–Committee on Criminal Matters hearing on March 7, 1973: Files 948, 949, 950, 951; (8) Senate Sub–Committee on Criminal Matters hearing on March 13, 1973: Files 952, 953, 954; (9) Senate Sub–Committee on Criminal Matters hearing on March 14, 1973: Files 956, 957; (10) Senate Sub–Committee on Criminal Matters hearing on March 20, 1973: Files 958, 959, 960; (11) Senate Sub–Committee on Criminal Matters hearing on March 21, 1973: Files 961, 962, 963, 964, 965; (12) Senate Sub–Committee on Criminal Matters hearing on March 27, 1973: Files 966, 967, 968, 969, 970, 971; (12) Senate Sub–Committee on Criminal Matters hearing on April 3, 1973: Files 972, 973, 974; (13) Senate Sub–Committee on Criminal Matters hearing on April 4, 1973: Files 975, 976; (14) Senate Sub–Committee on Criminal Matters hearing on April 10, 1973: Files 977, 978; (15) Senate Sub–Committee on Criminal Matters hearing on April 24, 1973: Files 979, 980; (16) Senate Sub–Committee on Criminal Matters hearing on April 25, 1973: File 981; (17) Senate Sub–Committee on Criminal Matters hearing on May 1, 1973: File 982; (18) Senate Sub–Committee on Criminal Matters hearing on May 2, 1973: Files 983, 984, 985.

*See* www.tsl.state.tx.us (1) Senate Jurisprudence Committee hearing on May 8, 1973: Files 894, 895.

pute or point of debate among the interested parties centered on the definition of "criminal episode" in Section 3.01 and not on whether some distinction should be made between terms of imprisonment and fines for concurrent sentencing purposes under Section 3.03(a).[19] Nothing in the legislative history of Section 3.03(a) indicates that the Legislature intended for the concurrent sentences provision of Section 3.03(a) to apply to anything but the entire sentence, including fines. This would be consistent with the language that the Legislature used in Section 3.03(a) that "the sentences shall run concurrently." We decide that the concurrent sentences provision of Section 3.03(a) applies to the entire sentence, including fines.[20]

See www.tsl.state.tx.us (1) Senate Floor Session on May 15, 1973: Files 140, 141, 142; (2) Senate Floor Session on May 16, 1973: Files 143, 144, 145, 146, 147.

See (1) House Criminal Jurisprudence Sub-Committee hearing on February 26, 1973: Tapes 1, 2; (2) House Criminal Jurisprudence Sub-Committee hearing on March 5, 1973: Tapes 1, 2, 3; (3) House Criminal Jurisprudence Sub-Committee hearing on March 12, 1973: Tapes 1, 2; (4) House Criminal Jurisprudence Sub-Committee hearing on March 14, 1973: Tapes 1, 2; (5) House Criminal Jurisprudence Sub-Committee hearing on March 19, 1973: Tapes 1, 2; (6) House Criminal Jurisprudence Sub-Committee hearing on March 21, 1973: Tapes 1, 2.

See (1) House Criminal Jurisprudence Committee hearing on May 16, 1973: Tape 1–A.

See (1) House Floor Proceeding on May 18, 1973: Tape 1–B; (2) House Floor Proceeding on May 19, 1973: Tape 2–A; (3) House Floor Proceedings on May 21 and 23, 1973: Tapes 2–B, 3–A, 3–B, 4–A, 4–B.

19. See www.tsl.state.tx.us: (1) Senate Sub-Committee on Criminal Matters hearing on 2/13/73, File 931 (21:14–31:30); (2) Senate Sub-Committee on Criminal Matters hearing on 3/27/73, File 966 (0:00–46:45); (3) Senate Jurisprudence Committee hearing on 5/8/73, File 894 (13:17–14:42); (4) Senate Floor Session on 5/15/73, File 140 (42:00–45:20).

See also (1) House Criminal Jurisprudence Sub-Committee hearing on 2/26/73, Tape 1, Side 2 (145–610); (2) House Criminal Jurisprudence Sub-Committee hearing on 2/26/73, Tape 2, Side 1 (0–610); House Floor Session on 5/21/73, Tape 2–B (22–83).

See also (1) State Bar of Texas Committee on Revision of the Penal Code, Working Papers on Title I, Draft 1 (8/10/70) (generally providing that a defendant "may not be sentenced for more than one offense" if the "defendant is adjudged guilty of more than one offense arising out of the same criminal episode"); (2) State Bar of Texas Committee on Revision of the Penal Code, Final Draft (October 1970) (same).

20. The dissenting opinion claims that our holding in this case changes a "long-standing rule of cumulating fines for multiple counts of the same criminal episode." See Dissenting op. at 5 (suggesting that the "thought of changing the long-standing rule of cumulating fines for multiple counts of the same criminal episode did not even occur to the participants [in the legislative process], precisely because it has been such a long-standing and well-established rule"). There was, however, no such long-standing rule prior to 1973 when the Legislature enacted Section 3.03(a) authorizing a single criminal prosecution for multiple offenses arising out of the same criminal episode. As the legislative history of Chapter 3 indicates, this (i.e., authorizing a single criminal prosecution for multiple offenses arising out of the same criminal episode) was a "drastic change" in the law. See www.tsl.state.tx.us Senate Jurisprudence Committee hearing on 5/8/73, File 894 (13:17–14:42). Therefore, prior to 1973, there could not have been a long-standing rule for the Legislature to deviate from with respect to concurrent sentences for same-criminal-episode multiple convictions prosecuted in a single criminal action.

Under these circumstances, we believe that it is more reasonable to conclude that, when the participants in the 1973 legislative process referred to "sentences" under Section 3.03(a) running concurrently, they meant what they said and intended for "sentence" to refer to the entire sentence (including fines). This is consistent with the language of Section 3.03(a), particularly the term "sentence," and the "finely worked out balance" that Section 3.03(a) was intended to accomplish. See House Criminal Jurisprudence Sub-Committee hearing on February 26, 1973: Tape 1, Side 2 (145–600); Tape 2, Side 1 (0–600).

The judgment of the court of appeals is affirmed.

KELLER, P.J., concurred.

HOLCOMB, J. filed a dissenting opinion in which JOHNSON and COCHRAN, JJ., joined.

COCHRAN, J. filed a dissenting opinion in which WOMACK, J., joined.

HOLCOMB, J., filed a dissenting opinion, in which JOHNSON and COCHRAN, JJ., joined.

I respectfully dissent from the majority's holding that the concurrent provision of the Texas Penal Code Section 3.03(a) applies to the entire sentence, including fines.

Since 1899, this Court has held that pecuniary fines imposed in separate cases should be cumulated. *See Ex Parte Banks,* 41 Tex.Crim. 201, 53 S.W. 688 (1899). *Accord Ex Parte Williams,* 133 Tex.Crim. 116, 109 S.W.2d 171 (1937); *Ex Parte Hall,* 158 Tex.Crim. 646, 258 S.W.2d 806 (1953); *Bristow v. State,* 160 Tex. Crim. 111, 267 S.W.2d 415 (1954); *McCurdy v. State,* 159 Tex.Crim. 477, 265 S.W.2d 600 (1954); *Evans v. State,* 169 Tex.Crim. 295, 333 S.W.2d 387 (1960); *Ex parte Minjares,* 582 S.W.2d 105 (Tex.Crim.App. 1978). We reasoned that such cases were "independent of each other, and that the applicant owe[d] the distinct amounts of fine and costs adjudged against him." *Banks,* 53 S.W. at 689. We, therefore, concluded that the fines were also "independent of each other, and the payment of one was not a satisfaction of the other." *Id.*

We have maintained this position to the present day. As we explained in *Minjares,* "[w]ere we to hold that the fines assessed by a municipal judge may run concurrently, a defendant such as petitioner would have a means of avoiding the satisfaction of many judgments by discharging the largest of the fines assessed against him. We decline to so hold." 582 S.W.2d at 107. While *Minjares* was a misdemeanor case, the same reasoning is applicable to felonies, which are different from the misdemeanors only because they have been considered by the Legislature to be more serious. Since these offenses are more serious, the fines imposed in these cases are likely to be higher than those imposed in misdemeanor cases. Nevertheless, the higher fines in such cases do not justify a departure from the longstanding rule that pecuniary fines should be cumulated. On the contrary, such a departure would be unjustified because it would in effect allow a person who has been convicted of a felony to be treated far more leniently than one who has been convicted only of a misdemeanor. This would not only be ironic, considering the relative seriousness of the offenses in question, but would also raise serious questions of equity and due process.

The lower courts have faithfully followed the above rule of cumulating fines in both misdemeanor and felony cases, and we have implicitly affirmed this trend. *See, e.g., Rocky Mountain v. State,* 789 S.W.2d 663 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd)(misdemeanor); *Juarez v. State,* 796 S.W.2d 523 (Tex.App.-San Antonio 1990, pet. ref'd)(felony); *Mills v. State,* 848 S.W.2d 878 (Tex.App.-Houston [1st Dist.] 1993, no pet.)(misdemeanor); *Veteto v.*

We believe that the overwhelming majority of the materials that we have examined support a conclusion that "sentence" in Section 3.03(a) should be construed to encompass the entire sentence (including fines). We decline to decide otherwise by essentially quibbling over the term "run."

*State,* 8 S.W.3d 805 (Tex.App.-Waco 2000, pet. ref'd)(felony). As the *Veteto* court noted, "the long standing rule has been that fines are cumulated and the Penal Code does not alter that rule. The Court [of Criminal Appeals] has not taken issue with this interpretation, and neither will we." 8 S.W.3d at 818 (internal citations omitted).

The majority is correct that most of the cases cited by the State either pre-date Section 3.03(a) or rely on these pre–section–3.03(a) cases in holding that the concurrent-sentences provision of Section 3.03(a) does not apply to fines. *Ante,* op. at 174. But it should be noted that the current Section 3.03(a) is virtually identical, for our purposes, to Section 3.03 of the 1974 Texas Penal Code.[1] This identity of the literal text of the two provisions itself compels the conclusion that the Legislature did not intend to deviate from the law prevailing in 1974. *Boykin v. State,* 818 S.W.2d 782 (Tex.Crim.App.1991). Moreover, " 'hen a legislature *reenacts* a law using the same terms that have been judicially construed in a particular manner, one may reasonably infer that the legislature approved of the judicial interpretation.' " *State v. Colyandro,* 233 S.W.3d 870, 878 (Tex.Crim.App.2007) (quoting *State v. Medrano,* 67 S.W.3d 892, 902 (Tex.

Crim.App.2002) (emphasis in original)). As noted earlier, in spite of the concurrent-sentences provision of Section 3.03, this Court has continued to apply the longstanding rule requiring cumulation of pecuniary fines, *see, e.g., Minjares, supra,* thus implicitly holding that provision to be inapplicable to such fines. Since it is presumed that the Legislature is aware of case law affecting or relating to a given statute, *Grunsfeld v. State,* 843 S.W.2d 521, 523 (Tex.Crim.App.1992), the fact that the Legislature proceeded to reenact Section 3.03 in the same form as that of the 1974 provision, without even mentioning fines, indicates that the Legislature did not intend to abolish the long-standing rule.

Indeed, since at least 1994 to the present, the West's Notes of Decisions to § 3.03, in the hardbound copies of the Vernon's Texas Codes Annotated, have consistently recited the following for "pecuniary fines": "This section applies only to penal sentences and does *not* change *long-standing rule* that pecuniary fines are to be *cumulated* for different counts in same criminal episode." *See, e.g.,* Tex. Pen.Code Ann. § 3.03, Note 8 at 79 (Vernon 1994) (emphasis added); Tex. Pen. Code Ann. § 3.03, Note 11 at 108 (Vernon 2003) (emphasis added). I find it incredible, to say the least, that the Legislature

---

1. *Compare* Tex. Pen.Code § 3.03 (Vernon 1974):

> § 3.03 Sentences for Offenses Arising Out of Same Criminal Episode
> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently.

*with* the current Tex. Pen.Code § 3.03(a) (Vernon 2003 & Supp.2007):

> § 3.03 Sentences for Offenses Arising Out of Same Criminal Episode
> (a) When the accused is found guilty of more than one offense arising out of the

same criminal episode prosecuted in a single criminal action, *a* sentence for each offense for which he has been found guilty shall be pronounced. *Except as provided by Subsection (b), the* sentences shall run concurrently.

(Emphasis added.) I have added the emphasis to show the difference between the two provisions, which is primarily the addition of the phrase "Except as provided by Subsection (b)" in the current Section 3.03(a). This difference between the two provisions is irrelevant for our purposes, however, because it is undisputed that subsection (b) is not pertinent to the issue before us.

would seek to abolish this long-standing rule, which has been so embedded in both the case law and the statutory books for such an extensive period of time, without so much as indicating such abolition either in the statute or in its legislative sessions.

The majority states that "[t]here is nothing in the legislative history of Section 3.03(a) or any other provision of the 1973[sic] Penal Code to indicate that anyone at any time ever took the position or even suggested that the concurrent sentences provision of Section 3.03(a) should not apply to fines." *Ante,* op. at 176. I suggest that the reason for the absence of such discussion was that the thought of changing the long-standing rule of cumulating fines for multiple counts of the same criminal episode did not even occur to the participants, precisely because it has been such a long-standing and well-established rule. It is significant to note that, in spite of the majority's obviously extensive research on the legislative history of § 3.03, it failed to discover any support for the specific proposition that the Legislature intended to deviate from this long-standing rule.

By the same token, I believe that the majority fails to give due consideration to the Legislature's use of the word "run" in Section 3.03(a). *Ante,* op. at 174–78. As we have previously explained at some length,

> When we interpret statutes ... we seek to effectuate the "collective" intent or purpose of the legislators who enacted the legislation. We do so because our state constitution assigns the law *making* function to the Legislature while assigning the law *interpreting* function to the Judiciary.
>
> When attempting to discern this collective legislative intent or purpose, we necessarily focus our attention on the literal text of the statute in question and

attempt to discern the fair, objective meaning of that text at the time of its enactment. We do this because the text of the statute *is the law* in the sense that it is the only thing actually adopted by the legislators, probably through compromise, and submitted to the Governor for her signature. We focus on the literal text also because the text is the only *definitive* evidence of what the legislators (and perhaps the Governor) had in mind when the statute was enacted into law. There really is no other certain method for determining the collective legislative intent or purpose at some point in the past, even assuming a single intent or purpose was dominant at the time of enactment. Yet a third reason for focusing on the literal text is that the Legislature is *constitutionally entitled* to expect that the Judiciary will faithfully follow the specific text that was adopted.

*Boykin,* 818 S.W.2d at 785 (emphasis in original) (citations omitted).

Thus, we concluded that "if the meaning of the statutory text, when read using the established canons of construction relating to such text, should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning." *Id.* (citation omitted). We did note that there was "a legitimate exception to this plain meaning rule," *id.,* stating that:

> [W]here application of a statute's plain language would lead to absurd consequences that the Legislature could not *possibly* have intended, we should not apply the language literally. When used in the proper manner, this narrow exception to the plain meaning rule does not intrude on the lawmaking powers of the legislative branch, but rather demonstrates respect for that branch, which

we assume would not act in an absurd way.

*Id.* (emphasis in original).

In the case before us, however, it is not the plain language of the statute but the majority's interpretation thereof that leads to "absurd consequences that the Legislature could not *possibly* have intended" because fines, by definition, cannot "run." [2] Thus, the majority disregards our own directions for statutory interpretation and, by failing to give due consideration to the Legislature's use of the word "run," ignores the literal text of Section 3.03(a) and focuses instead on the *absence* of a discussion in the legislative sessions to assume that the Legislature intended the concurrent-sentences provision to apply to all sentences, including fines, even though a plain reading of the literal text of the statute actually indicates that Section 3.03(a) is applicable only to *those* sentences that *can* "run" and is thus not applicable to fines at all.[3]

In short, the long-standing rule requires the trial court to cumulate the fines imposed for multiple counts in the same criminal episode. Since the majority seeks to abolish that rule without any clear directive from the Legislature to do so, I respectfully dissent.[4]

COCHRAN, J., filed a dissenting opinion in which, WOMACK, J., joined.

Time runs; money is paid. A term of imprisonment runs for a period of time; a fine is paid, either immediately or over a period of time. One term of imprisonment may run concurrently with another term of imprisonment. One fine cannot "run" concurrently with another fine. At least not until today. Before today, all fines could be paid at the same time, *i.e.* concurrently, but each fine had to be paid.

Never before has a $200 fine for speeding "run" with a $100 fine for simultaneously failing to wear a seat belt. One has never before paid the fine for the single most expensive traffic ticket violation and let all the others ride free. But a new day has dawned. Traffic-ticket scofflaws may rejoice.

I respectfully dissent.

---

**2.** *See, e.g.*, the definition of "run" in WEBSTER'S NEW WORLD COLLEGE DICTIONARY 1255 (4th ed.2005).

**3.** It should be noted that, while the Practice Commentary to Section 3.03 also supports this second interpretation, it fails to offer any support for the majority's position:

> In effect [Section 3.03] treats multiple convictions resulting from prosecution of joined offenses as a single conviction for sentencing purposes. A separate sentence is pronounced for each conviction—so that, for example, if one conviction is invalidated on appeal valid sentences will remain—but any *imprisonment* assessed must *run* concurrently.

(Vernon 1974) (emphasis added).

**4.** I note that this concurrent-sentences issue is before us because the trial court in the present case believed that it was *required* by Section 3.03 to impose a single fine of $10,000. Although the long-standing rule instead requires the trial court to cumulate the fines assessed by the jury (to a total of $130,000 for the thirteen counts, in this case), I see no reason why the trial court could not have suspended any portion of that fine and placed appellant on community supervision, in spite of the jury's recommendation not to probate the fine, if the trial court believed that it would be in the best interest of justice, the public, and the defendant, to do so in this case. *See* Tex.Code Crim. Proc. art. 42.12 § 3(a). I would, therefore, remand this case to the trial court for a new punishment hearing.