NO. 07-11-00019-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 24, 2012

HAROLD DEAN WILSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 22,015-B; HONORABLE JOHN B. BOARD, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Harold Dean Wilson filed notice of appeal from his convictions and sentences for possession of child pornography.[1]  Through two issues, he contends there was insufficient evidence to support the $120,000 fine listed in the bill of costs and seeks reformation of the judgments.  In response, the State filed a motion asking that we sustain appellant's points of error and reform the district clerk's bill of costs. We agree with both parties, will reform the judgments of the trial court and affirm them as reformed.

---

[1] *See* Tex. Penal Code Ann. § 43.26 (West 2010).

Appellant was charged by indictment with twelve counts of possession of child pornography. He plead not guilty, but the jury found him guilty and assessed punishment at ten years of imprisonment and a $10,000 fine for each count. Count XII was ordered to be served consecutively, and the remaining counts, concurrently. *See* Tex. Penal Code Ann. §§ 43.26; 3.03(a), (b)(3) (West 2010) (discussing cumulation of sentences).

The court signed a separate judgment for each count. Consistent with the rendition, the judgments provide the sentences for all but Count XII are to run concurrently. The judgments also contain a section entitled "Court Costs," stating, "SEE BILL OF COSTS." The Bill of Costs includes a fine of $120,000, cumulating the fines of $10,000 per count. The Court of Criminal Appeals and Texas appellate courts have found, however, that when sentences are ordered to run concurrently, the judgment should not reflect a cumulated fine. *State v. Crook,* 248 S.W.3d 172, 177 (Tex.Crim.App. 2008) (holding the concurrent sentences provision in the Penal Code applies to the entire sentence, including fines); *Luera v. State,* No.14-10-00576-CR, 2011 Tex.App. LEXIS 3367, at *2 (Tex.App.—Houston [14th Dist.] May 5, 2011, no pet.) (mem. op., not designated for publication) (where jury assessed $10,000 fine for each count and sentences were ordered to run concurrently, judgment should reflect fine of only $10,000).

An appellate court has the power to correct and reform a trial court judgment to make the record speak the truth when it has the necessary data and information to do so. *Nolan v. State*, 39 S.W.3d 697, 698 (Tex.App. — Houston [1st Dist.] 2001, no pet.)

(citing *Asberry v. State*, 813 S.W.2d 526, 529 (Tex.App.-Dallas 1991, pet. ref'd)); *see also* Tex. R. App. P. 43.2(b).

We have reviewed the record and, finding the necessary information to do so, we reform the judgments of conviction to reflect a fine totaling $20,000, $10,000 for the eleven concurrent sentences and $10,000 for the one sentence ordered to run consecutively. As reformed, the judgments of the trial court are affirmed.

Per Curiam

Do not publish.