

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00179-CR

———————————————

VICTOR ORTIZ GONZALEZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1497894D

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION ON REMAND

After reversing our judgment in this case and holding that appellant Victor Ortiz Gonzalez did not suffer egregious harm from the trial court's charge error, the Court of Criminal Appeals remanded the appeal to us to address "the remaining issues in a manner consistent with" its opinion.[1] *Gonzalez v. State*, 610 S.W.3d 22, 30 (Tex. Crim. App. 2020).

Appellant's only remaining complaint is that we should reform the inmate-funds-withdrawal order, which authorizes withdrawal of $20,319—the two $10,000 fines assessed by the jury and $319 in court costs—to delete one of the two fines. *See State v. Crook*, 248 S.W.3d 172, 177 (Tex. Crim. App. 2008) (holding that when trial court orders concurrent sentences, any assessed fines also run concurrently). The State concedes that appellant is correct, and we agree.

The trial court signed two judgments: one for aggravated assault of a public servant and one for evading arrest or detention with a vehicle. Although each judgment imposes a $10,000 fine,[2] both judgments also state—in accordance with the trial judge's oral pronouncement—that the sentences run concurrently. Because a fine is part of a sentence, fines running concurrently may not be added to each other;

---

[1]On remand, the court assigned Justices Bassel and Womack to the panel in place of Justices Lee Gabriel and Mark Pittman, who no longer serve on this court. *See* Tex. R. App. P. 39.8(d).

[2]Only the aggravated-assault judgment imposes court costs. *See* Tex. Code Crim. Proc. Ann. art. 102.073(a).

instead, the defendant is obligated to pay only one fine. *See id.* at 174, 176; *Williams v. State*, 495 S.W.3d 583, 590–91 (Tex. App.—Houston [1st Dist.] 2016) (op. on reh'g), *pet. dism'd*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. Apr. 26, 2017) (per curiam) (not designated for publication); *Wiedenfeld v. State*, 450 S.W.3d 905, 906–07 (Tex. App.—San Antonio 2014, no pet.); *Habib v. State*, 431 S.W.3d 737, 742 (Tex. App.—Amarillo 2014, pet. ref'd).

Because the trial judge ordered appellant's sentences—including the $10,000 fines—to run concurrently, we modify the evading-arrest judgment (Count Two) to delete the $10,000 fine,[3] and we also modify the inmate-funds-withdrawal order incorporated into both judgments to delete $10,000 so that the order authorizes withdrawal of only $10,319. *See* Tex. R. App. P. 43.2(b).

Having resolved appellant's sole remaining complaint, we affirm the aggravated-assault judgment as is; modify the evading-arrest judgment to delete one of the $10,000 fines and affirm that judgment as modified; and modify the inmate-funds-withdrawal order incorporated into both judgments to delete $10,000.

---

[3]*See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (noting that appellate court has authority to modify judgment "to make the record speak the truth").

3

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 11, 2021