

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00086-CR

---

PATRICK BRANDON JR., Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 47992-A

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion on Remand by Justice Rambin

## MEMORANDUM OPINION ON REMAND

After a jury found Patrick Brandon, Jr., guilty of possession of a controlled substance with the intent to deliver, possession of a controlled substance, and unlawful possession of a firearm by a felon, he was sentenced to twenty years', five years', and ten years' imprisonment, respectively, and fined $10,000.00, $5,000.00, and $10,000.00, respectively. *Brandon v. State*, No. 06-21-00086-CR, 2022 WL 2231189, at *1 n.1, 4 (Tex. App.—Texarkana June 22, 2022) (mem. op., not designated for publication), *overruled in part by* PD-0341-22, 2022 WL 16954548 (Tex. Crim. App. Nov. 16, 2022) (per curiam). In the same trial court proceeding, Brandon was also convicted of aggravated robbery. He was sentenced to sixty years' confinement and ordered to pay a $10,000.00 fine. *Brandon v. State*, No. 06-21-00085-CR, 2022 WL 2231193 (Tex. App.—Texarkana June 22, 2022) (mem. op., not designated for publication).

On appeal, Brandon maintained, among other things, that the trial court erred when it stacked his fines on all four offenses. We agreed, found that there was partial error in the trial court's judgments below, and modified the court's judgments and bill of costs by striking (1) the $10,000.00 fine on the judgment memorializing Brandon's conviction of possession of a controlled substance with intent to deliver (Count I), (2) the $5,000.00 fine on the judgment memorializing his conviction of possession of a controlled substance (Count II), and (3) the $10,000.00 fine on the judgment memorializing his conviction of unlawful possession of a firearm by a felon (Count III). As modified, we affirmed the trial court's judgments.[1] The

---

[1] In the judgment memorializing Brandon's conviction of possession of a controlled substance with the intent to deliver (Count I), we also (1) deleted the assessed $15.00 time payment fee from the judgment and the bill of costs associated with it and (2) modified the judgment to reflect that Brandon pled "true" to the State's enhancement

2

$10,000.00 fine assessed as a result of Brandon's conviction of aggravated robbery remained in the judgment against him.

The State filed a petition for discretionary review, maintaining that the Texas Court of Criminal Appeals should reverse our opinion deleting the $10,000.00 fine (Count I), the $5,000.00 fine (Count II), and the $10,000.00 fine (Count III) contained in Brandon's judgments of conviction. The Texas Court of Criminal Appeals granted the State's petition for discretionary review, noting that this Court did not have the benefit of the ruling in *Anastassov* at the time we issued our opinion. *See Anastassov v. State*, No. PD-0848-20, 2022 WL 5054846 (Tex. Crim. App. Oct. 5, 2022) (abrogating cases that deleted concurrent fines). Accordingly, the Texas Court of Criminal Appeals remanded this cause to us in light of *Anastassov.*

We provided a detailed recitation of the facts in this case in our opinion on original submission and do not recount them here. *Brandon*, 2022 WL 2231189, at *1. The sole issue we address on remand is whether this Court correctly deleted the fines assessed against Brandon in the judgments of conviction relating to counts I, II, and III.

The Texas Penal Code requires sentences for offenses arising out of the same criminal episode that are prosecuted in a single criminal action to be served concurrently. TEX. PENAL CODE ANN. § 3.03(a) (Supp.).[2] "[T]he concurrent sentences provision of Section 3.03(a) applies

---

paragraph rather than "not true." Our deletion of the time payment fee and modification of Brandon's plea were appropriate and were not disturbed by the Texas Court of Criminal Appeals.

[2]Section 3.03(a) states,

> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been

to the entire sentence, including fines." *State v. Crook*, 248 S.W.3d 172, 177 (Tex. Crim. App. 2008). Where multiple fines are assessed in a same-criminal-episode prosecution and they are ordered to be discharged concurrently, they discharge in the same manner as concurrent terms of confinement—the defendant pays the greatest amount of the fine but receives credit for satisfying all of the multiple concurrent fines. *Id*. However, each judgment must include the fine actually imposed, and the courts of appeals may not delete a lawfully assessed concurrent fine from a trial court's judgment in order to protect against possible improper stacking of fines.[3] *Anastassov*, 2022 WL 5054846, at *3. Therefore, in accordance with *Anastassov*, we affirm all of the fines imposed by the trial court.[4]

For the reasons stated in our original opinion, we delete the $15.00 time payment fee contained in the total costs in the judgment memorializing Brandon's conviction of possession of a controlled substance with intent to deliver (Count I) and the bill of costs associated with it. We also modify the judgment memorializing Brandon's conviction of possession of a controlled substance with the intent to deliver (Count I) to reflect that Brandon pled "true" to the State's enhancement paragraph rather than "not true."

---

found guilty shall be pronounced. Except as provided in Subsection (b), the sentences shall run concurrently.

TEX. PENAL CODE ANN. § 3.03(a). Subsection (b) relates specifically to the offenses of intoxication assault and intoxication manslaughter, neither of which are involved in this case. TEX. PENAL CODE ANN. § 3.03(b).

[3]"If defendants are being improperly subjected to consecutive fines in conflict with the trial court's judgments in a given case, the proper course is to pursue relief through a writ of habeas corpus." *Anastassov*, 2022 WL 5054846, at *6.

[4]The $10,000.00 fine assessed against Brandon as a result of his conviction for aggravated robbery remains in the judgment as stated in our opinion in appellate cause number 06-21-00085-CR.

As modified, we affirm the trial court's judgments.


Jeff Rambin
Justice

Date Submitted:     January 3, 2023
Date Decided:      April 4, 2023

Do Not Publish