

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00002-CR
_____

ERIC MONTREAL ANDERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2229449

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Eric Montreal Anderson pled guilty to and was convicted of possession of five pounds or less but more than four ounces of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(3) (Supp.). A Hopkins County jury determined that a deadly weapon was used during the offense, which enhanced Anderson's punishment, and it assessed a sentence of three years' imprisonment with a $3,000.00 fine. *See* TEX. PENAL CODE ANN. § 12.35(c)(1) (Supp.). The trial court also ordered Anderson to pay $180.00 in restitution and $50.00 in reimbursement fees, and his bill of costs included a $15.00 time payment fee.

On appeal, Anderson argues that the trial court erred by imposing the $3,000.00 fine without determining his ability to pay it.[1] He also argues that the trial court erred by ordering payment of restitution and reimbursement and by including the time payment fee in the bill of costs. We find nothing improper in the trial court's imposition of the fine assessed by the jury and conclude that Anderson failed to preserve any complaint about the restitution order. Even so, we sustain Anderson's complaint about the reimbursement and time payment fee. As a result, we delete those fees from the bill of costs, delete the reimbursement fee from the judgment, and affirm the trial court's judgment, as modified.

## I.      The Fine Is Proper Because the Record Showed Anderson Was Not Indigent at Trial

In his first point of error, Anderson challenges the trial court's order to pay a $3,000.00 fine pursuant to Article 42.15, which states:

---

[1]In companion cause number 06-24-00004-CR, Anderson appeals a conviction for evading arrest. He also appeals a conviction for possession of a controlled substance in cause number 06-24-00005-CR and a conviction for unlawful possession of a firearm in cause number 06-24-00006-CR.

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (Supp.).[2]

There is no indication the trial court conducted a separate ability-to-pay inquiry "on the record." *Id.* Even so, "[a] defendant may waive the requirement for the inquiry described by Subsection (a-1) to be on the record." TEX. CODE CRIM. PROC. ANN. art. 42.15(a-2) (Supp.). Even assuming statutory error for lack of an on-the-record inquiry, and that Anderson did not waive his right to complain about it,[3] we nevertheless conclude that Anderson failed to establish that he was harmed.

Non-constitutional error in a criminal case "that does not affect [the defendant's] substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). An error affects a substantial right if it had "a substantial and injurious effect or influence" on the verdict. *Cook v. State*, 665 S.W.3d 595, 599 (Tex. Crim. App. 2023) (citing *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008)).

Here, the record showed that Anderson had retained counsel, both at trial and on appeal. During trial, Matthew Davidson, a detective from the Memphis Police Department, testified that Anderson was "one of the upper-echelon leaders" of the "Eric Bezzle Gang," which originated

---

[2]In this case, the trial court did not order payment of any court costs.

[3]In *Cruz v. State*, the Houston Fourteenth Court of Appeals held both that (1) presumptions of regularity given to recitals in judgments do not apply to Section 42.15 and (2) a defendant's right to an ability-to-pay inquiry is a category two *Marin* right. *Cruz v. State*, No. 14-21-00454-CR, 2023 WL 3236888, at *2–3 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. granted); *see Sloan v. State*, 676 S.W.3d 240, 241 (Tex. App.—Tyler 2023, no pet.).

out of the Smokey City neighborhood in North Downtown Memphis. Davidson described Anderson as "one of the main public faces of the gang, especially with his addition to his rap career." The State introduced ample evidence that Anderson had a notable rap career generating income and made money from the gang's illegal activity.[4] The State expressly argued that the testimony showed that Anderson had the ability to pay fines and that the jury considered this evidence in making its assessment.

In light of the facts above indicating that Anderson was not indigent and had the ability to pay the fines assessed by the jury,[5] we cannot conclude that he suffered non-constitutional harm. As a result, we overrule his first point of error.

## II.     Anderson Failed to Preserve His Complaint About Restitution

In this case, the trial court ordered restitution of $180.00 to be paid to the Texas Department of Public Safety Crime Laboratory for testing to confirm that the substance possessed by Anderson was marihuana. Anderson argues that this assessment of restitution is improper. We find the issue unpreserved.

"Generally, to preserve an issue for appellate review, the complaining party must first raise the issue in the trial court." *Garcia v. State*, 663 S.W.3d 92, 95 (Tex. Crim. App. 2022) (citing TEX. R. APP. P. 33.1(a).). "Specifically, the propriety of a restitution order must be raised

---

[4]At his December 5, 2023, trial, Anderson produced an agreement showing that he was paid $56,000.00 on August 29, 2023, as an advance from Empire Records. Anderson testified that he was paid another $50,000.00 for the record deal, and he also made money from performing at shows in several states.

[5]After trial, Anderson filed a motion for a free reporter's record and argued that, given the fines assessed in his companion cases, he had no more assets to cover the costs of the appellate record. The trial court granted Anderson's motion for a free record, and Anderson now argues that that established his indigence. Because his motion suggested that he lacked funds because of the fines assessed against him, we find that the trial court's grant of a free record has no bearing on the issue of his ability to pay the fine in this case. We apply the same reasoning to Anderson's complaints in his companion cases related to the imposition of costs and fines in those cases.

in the trial court." *Id.* Here, as in *Garcia*, the trial court made an oral pronouncement announcing the restitution order at sentencing. Anderson, who did not object at trial, questions the propriety of the trial court's restitution order for the first time on appeal. Because "a restitution complaint should be forfeited by a defendant who foregoes the opportunity to address it in the trial court," we find that Anderson has failed to preserve this issue for our review. *Id.* at 97. As a result, we overrule his second point of error.

### III.   We Delete Duplicative Reimbursement and the Time Payment Fee

Next, Anderson argues that the $50.00 reimbursement fee is unsupported by the record. We note that Anderson was assessed reimbursement in this case and in all of his companion cases. Article 102.073 of the Texas Code of Criminal Procedure states, "In a single criminal action in which a defendant is convicted of two or more offenses . . . , the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). While the record shows that the trial court did not assess consolidated court costs against Anderson in this case,[6] the bill of costs shows that the reimbursement fees in this case were reassessed in Anderson's companion cases. Article 102.073 states that "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. ANN. art. 102.073(b). Out of Anderson's offenses, the highest category of

---

[6]The bill of costs lists the court costs, but then credits Anderson the full $290.00 in court costs.

offense is Anderson's conviction in cause number 06-24-0005-CR. As a result, we delete the $50.00 reimbursement fee from both the bill of costs and the trial court's judgment.[7]

Last, the bill of costs includes a $15.00 time payment fee. The Texas Court of Criminal Appeals has concluded that a time payment fee "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, . . . assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.*

Pursuant to *Dulin*, we strike the time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution" owed. *Id.* at 133.[8]

---

[7]This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993)).

[8]By a separate point of error, Anderson complains of the orders to withdraw funds entered in this case and in two other companion cases. Even though the order to withdraw funds in this case ordered $3,230.00 to be withdrawn in accordance with the judgment, Anderson argues that the withdrawal orders in the other cases constituted "stacked payment of fines on . . . concurrent sentence[s]." *See State v. Crook*, 248 S.W.3d 172, 177 (Tex. Crim. App. 2008) (plurality op.)). While we note that the order of withdrawal for each case corresponds with the judgment entered in each case, we decline to address this point of error in this appeal. *See Anastassov v. State*, 664 S.W.3d 815, 817 (Tex. Crim. App. 2022). This is because both the Texas Supreme Court and the Texas Court of Criminal Appeals have held that challenges to orders to withdraw funds entered pursuant to Section 501.014(e) are civil matters, and Anderson's notice of appeal does not complain of the order to withdraw funds. *Johnson v. Tenth Jud. Dist. Ct. of Appeals at Waco*, 280 S.W.3d 866, 871–72 (Tex. Crim. App. 2008) (orig. proceeding); *Harrell v. State*, 286 S.W.3d 315, 318–19 (Tex. 2009); *see Perez v. State*, 424 S.W.3d 81, 89 (Tex. Crim. App. 2014) (Alcalá, J., concurring) ("Proceedings under Government Code section 501.014(e) to recover court fees and costs assessed against inmates are civil in nature and are not part of the underlying criminal case."); TEX. R. APP. P. 25.1(d)(2) (requiring the notice of appeal in a civil matter to "state the date of the judgment or order appealed from").

**IV.    Conclusion**

We modify the bill of costs by deleting the reimbursement fees and the time payment fee, leaving only Anderson's fine and restitution for a total of $3,180.00.  We also modify the trial court's judgment by deleting the $50.00 reimbursement fee.  As modified, we affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:      July 30, 2024
Date Decided:        September 6, 2024

Do Not Publish

7