

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00361-CR

---

VONQUALN RAASHAD FUGETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 080845-E-CR, Counts 1 & 2, Honorable Douglas R. Woodburn, Presiding

August 28, 2025

OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Following pleas of not guilty, Appellant was convicted by a jury of two counts of indecency with a child by sexual contact. Punishment was assessed at concurrent sentences of fifteen years. By three issues, Appellant questions whether an assessed fine of $100 characterized as a "Child Abuse Prevention Fine" is appropriate when it was not pronounced in open court during sentencing. Alternatively, he questions whether imposition of such fine, punitive in nature, violates the Double Jeopardy Clause and

should be deleted.  Finally, he questions whether an assessment of attorney's fees of $840 in the *Bill of Cost* which also credits that same sum should be deleted due to Appellant's indigency and whether a refund is owed.  We modify and affirm.

## BACKGROUND

Appellant was accused of indecency with his girlfriend's niece when she was in grade school circa 2017.  Several years later, the victim outcried to her brother's girlfriend who then informed the victim's mother of the allegations.  The mother contacted the police, and Appellant was charged and convicted.

## REFORMATION OF JUDGMENT

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so.  TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).  Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record.  *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).  The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court."  *Id.* at 529–30.

## ANALYSIS

### ISSUES ONE AND TWO—CHILD ABUSE PREVENTION FINE

Appellant challenges the propriety of an assessment of a $100 Child Abuse Prevention Fine in each judgment which was not pronounced during sentencing and alternatively, if the fine stands, whether it violates the Double Jeopardy Clause. After analysis of a legislative reclassification of the $100 assessment from a "cost" to a "fine," the State agrees the assessment should be deleted from the judgments.

A fine is punitive in nature and intended to be part of a defendant's sentence; thus, it must be orally pronounced at sentencing. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Prior to January 1, 2020, the Child Abuse Prevention assessment of $100 was classified as a "cost" pursuant to article 102.0186 of the Code of Criminal Procedure. The statute was amended effective January 1, 2020, to reclassify the assessment as a "fine." *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 2.40, 5.01, 5.04, 2019 Tex. Gen. Laws 3981, 4006, 4035. Article 5, section 5.01 of the amendment provides as follows:

> [e]xcept as otherwise provided by this Act, the changes in law made by this Act apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of this Act. An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed . . . .

*Id.*

Appellant committed the offenses in 2017 prior to the amendment's effective date when the assessment was classified as a "cost." On the face of section 5.01, it appears the $100 assessments should have been classified as "costs." However, the Court of Criminal Appeals recently harmonized section 5.01 of the amendment with section 51.608 of the Texas Government Code which addresses court costs in criminal proceedings.

3

*See Bradshaw v. State*, 707 S.W.3d 412, 416–20 (Tex. Crim. App. 2024). Section 51.608 provides as follows:

> [n]otwithstanding any other law that *establishes* the amount of a court cost collected . . . from a defendant in a criminal proceeding based on the law in effect on the date the offense was committed, the amount of a court cost *imposed* on the defendant in a criminal proceeding *must be the amount established under the law in effect on the date the defendant is convicted of the offense.*

(Emphasis added). Because Appellant was not convicted until 2024, the legislative reclassification of the Child Abuse Prevention assessment of $100 from a "cost" to a "fine" applies.

In the underlying case, the trial court announced, "I do, in fact, find you guilty and I sentence you to serve 15 years . . . ." The sentences were ordered to run concurrently. There was no oral pronouncement of any fines. Thus, the fines were improperly assessed and must be deleted from both judgments. *See Rhodes v. State*, 712 S.W.3d 226, 234–35 (Tex. App.—Eastland 2025, no pet.); *Rodriguez v. State*, __ S.W.3d __, No. 01-23-00721-CR, 2025 Tex. App. LEXIS 3244, at *37–43 (Tex. App.—Houston [1st Dist.] May 13, 2025, no pet. h.) (reaching same conclusion). Issue one is sustained and issue two is pretermitted.

**ISSUE THREE—ASSESSMENT OF AND CREDIT FOR ATTORNEY'S FEES**

The *Bill of Cost* associated with Count 1 includes assessment of $840 for attorney's fees and reflects a credit for that amount. Appellant requests the assessment be deleted. The State acknowledges Appellant's indigent status and, while not opposed to Appellant's request, it finds such a remedy would be superfluous.

To assess attorney's fees against a convicted defendant, a trial court must determine the defendant has sufficient financial resources that enable him to offset in whole or in part the costs of legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.05(g). An objection is not required to challenge the sufficiency of the evidence regarding a defendant's ability to pay attorney's fees. *Mayer v. State*, 309 S.W.3d 553, 556 (Tex. Crim. App. 2010). The proper remedy when there is no evidence to support an order to pay attorney's fees is to delete that order. *Id.* at 557.

In the underlying case, after Appellant was sentenced, the trial court notified him as follows:

> If you're indigent, as I must assume you are, you are entitled to a free transcript, as well as free counsel on appeal.

Despite the $840 being credited, we find the better approach is to completely delete the assessment and accompanying credit in the *Bill of Cost* for Count 1 to reflect the accuracy of Appellant's indigent status and avoid future accounting misunderstandings. Issue three is sustained.

The district clerk is ordered to prepare and file an amended *Bill of Cost* in Count 1 reflecting $0 for the line item of Child Abuse Prevention Fine and deleting the $840 assessment of attorney's fees as well as the line-item credit for same. The *Bill of Cost* for Count 2 reflects no assessments and needs no modification.[1] The district clerk is also directed to provide the amended *Bill of Cost* in Count 1 to this Court, as well as Appellant

---

[1] Generally, fines which are part of concurrent sentences run concurrently. *State v. Crook*, 248 S.W.3d 172, 176–77 (Tex. Crim. App. 2008). They need only be reflected in one *Bill of Cost*.

and the Institutional Division of the Texas Department of Criminal Justice.  This order of reformation extends to any order to withdraw funds from Appellant's inmate account.

## CONCLUSION

The summary portion of both judgments is modified to delete the $100 assessment for "Child Abuse Prevention Fine."  The *Bill of Cost* generated for Count 1 is modified to delete the assessment of $840 and credit of $840.  As modified, both judgments are affirmed.

Alex Yarbrough
Justice

Publish.