Affirmed as
Reformed and Memorandum Opinion filed May 5, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00576-CR

____________

 

ARTURO LUERA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause No. 60,562

 

 

 



MEMORANDUM
OPINION

            A jury convicted appellant of two counts of aggravated
assault.  On the first count, the jury found a deadly weapon (a vehicle) was
used and sentenced appellant to confinement for sixty-eight years in the
Institutional Division of the Texas Department of Criminal Justice.  On the
second count, the jury found a deadly weapon (a knife) was used and sentenced
appellant to confinement for forty-five years in the Institutional Division of
the Texas Department of Criminal Justice.  On both counts, the jury assessed a
fine of $10,000 and found family violence was involved in the commission of the
offense.  The judgment provides the sentences are to run concurrently.  Appellant
filed a timely notice of appeal.

            Appellant’s appointed counsel filed a brief in which he
concludes the appeal is wholly frivolous and without merit. The brief meets the
requirement of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967),
presenting a professional evaluation of the record demonstrating why there are
no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

            A copy of counsel’s brief was delivered to appellant. 
Appellant was advised of the right to examine the appellate record and file a
pro se response.  See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim.
App. 1991).  At appellant’s request, the record was provided to him.  On March
10, 2011, appellant filed a pro se response to counsel’s brief.

            We have carefully reviewed the record, counsel’s brief, and
appellant’s response, and agree the appeal is wholly frivolous and without
merit.  Further, we find no reversible error in the record.  A discussion of
the brief would add nothing to the jurisprudence of the state.  We are not to
address the merits of each claim raised in an Anders brief or a pro se
response when we have determined there are no arguable grounds for review.  See
Bledsoe v. State, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  

            There is, however, an error in the judgment, as pointed out
by appellant.  The judgment provides the sentences are “Concurrent Unless
Otherwise Specified” but the amount of the fine is $20,000.00.  The jury
assessed a fine of $10,000.00 for each offense.  Because the sentences are
concurrent, the judgment should reflect a fine of only $10,000.00.  See
State v. Crook, 248 S.W.3d 172, 177 (Tex. Crim. App. 2008) (“the concurrent
sentences provision of [Tex. Pen. Code] Section 3.03(a) applies to the entire
sentence, including fines.”).  

An appellate court has the power to correct and reform a trial
court judgment to make the record speak the truth when it has the necessary
data and information to do so. Nolan v. State, 39 S.W.3d 697, 698
(Tex.App. -- Houston [1st Dist.] 2001, no pet.) (citing Asberry v. State,
813 S.W.2d 526, 529 (Tex.App.-Dallas 1991, pet. ref'd)); see also Tex. R.
App. P. 43.2(b). Similar errors have been corrected in other Anders cases.  See Siverand v. State, No.
14-08-01083-CR, 2009 WL 2579834, at *1 (Tex. App.-- Houston [14th Dist] 2009,
no pet.) (mem. op., not designated for publication); Webb v. State, No.
05-96-01382-CR, 1997 WL 412093, at *1 (Tex. App. -- Dallas 1997, no pet.) (not
designated for publication); and Houston v. State, No. 01-98-01311-CR,
2000 WL 964646, 1 (Tex. App.-- Houston [1st Dist.] 2000, no pet.) (not designated
for publication).

            Accordingly, we reform the judgment of conviction to reflect
a fine of $10,000.00.  As reformed, the judgment of the trial court is
affirmed.

 

                                                                        PER
CURIAM

 

 

Panel consists of Chief Justice
Hedges, Justices Seymore and Boyce.

Do Not Publish — Tex. R. App. P. 47.2(b).