**AFFIRMED and Opinion Filed January 17, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-17-00900-CV**

**No. 05-17-00901-CV**

**No. 05-17-00902-CV**

**No. 05-17-00903-CV**

**TERRY C. SHELTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F09-20518, F09-73040, F10-21198, F10-55874**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Whitehill
Opinion by Justice Whitehill

Appellant was charged with aggravated robbery with a deadly weapon in four separate indictments, judicially confessed and pled guilty to all four charges and to the two enhancement paragraphs in each indictment. The trial court assessed punishment at fifty years imprisonment for each offense to run concurrently and a $2,000 fine. The court also signed orders to withdraw funds from appellant's inmate trust account.

Appellant now argues the trial court erred in its assessment of costs and fines because: (i) his indigent status precludes the collection of legislatively-mandated court costs and assessed fines, (ii) legislatively-mandated court costs cannot be collected from multiple causes when the causes

were combined in a single criminal action, and (iii) because his sentences run concurrently, he should only have been charged one fine. As discussed below, we affirm the trial court's judgments.

## I. BACKGROUND

When appellant appeared for sentencing on November 10, 2010, he affirmed that he wanted to plead true to the enhancement paragraphs in each indictment. After hearing punishment evidence, the court assessed punishment at fifty years imprisonment in each of the four cases (to run concurrently) and a $2,000 fine. $240 court costs were assessed in each case. Although the court certified appellant's right to do so, appellant did not appeal any of the judgments.

The court also signed an order to withdraw funds that was attached to and incorporated in each of the four judgments. The order notifies the Texas Department of Criminal Justice to withdraw the $240 court costs and the $2,000 fine from appellant's inmate trust account in accordance with TEX. GOV'T CODE § 501.014. The bill of costs for the four causes show that appellant was charged $240 court costs for each case, but the $2,000 fine was only assessed in one case.[1]

Five and a half years after sentencing, appellant filed a "Motion to Rescind Withdrawal of Funds from Inmate Trust Account and Restore Funds to Inmate Trust Account." The trial court considered and denied the motion on July 13, 2017.

Appellant then sought mandamus relief in this court, which we denied because appellant had an adequate appellate remedy and his request that the trial court be ordered to rule on his motion was moot. *See In re Terry C. Shelton*, Nos 05-17-00605, 00606-CV, 2017 WL 3275908,

---

[1] The fine was assessed in cause number F09-20518.

at *1 (Tex. App.—Dallas Jul. 26, 2017) (orig. proceeding). Appellant now appeals the trial court's denial of his motion.[2]

## II  Analysis

### A.     First Issue:  Does appellant's indigent status preclude the imposition of costs, fines, and fees?

Appellant's first issue argues that his indigent status absolves him from the rendering of court costs, fees, and fines. In support of this argument, appellant relies on code of criminal procedure article 26.04(p) which provides:

> A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstance occurs . . . .

TEX. CODE CRIM. PROC. art. 26.04 (p).  According to appellant, the court found him indigent and his status did not change, so the court could not properly assess costs, fines, and fees against him. We are not persuaded by this argument.

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).  Court costs are governed by code of criminal procedure article 42.16, which assesses costs against a defendant where punishment consists of anything other than a fine. *See* TEX. CODE CRIM. PROC. art. 42.16.  These costs are legislatively mandated pursuant to the government code, which states "[a] person convicted of an offense shall pay the following . . ." and then enumerates various fees associated with criminal prosecution. *See* TEX. GOV'T CODE § 102.021.

Unlike the statute providing for the recovery of fees for court-appointed attorneys, the court costs statute does not exempt indigent defendants. *See id*.; *see also*, TEX. CODE CRIM. PROC.

---

[2] The disposition of an inmate's motion challenging the withdrawal of funds from his inmate account creates an appealable order. *See Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.).  And while withdrawal orders are categorized as civil, a criminal district court has jurisdiction to issue such orders and hear inmate challenges to them.  *Harrell v. State*, 286 S.W.3d 315, 321 n. 30 (Tex. 2009).

art. 26.05 (g) (allowing court to order reimbursement of court-appointed attorney's fees). Thus, an indigent defendant's ability to pay is not relevant with respect to legislatively mandated costs. *Martin v. State*, 405 S.W.3d 944, 947 (Tex. App.—Texarkana 2013, no pet.); *Owen v. State*, 352 S.W.3d 542, 546 (Tex. App.—Amarillo 2011, no pet).

Fines, however, are different than court costs. Fines are punitive and are imposed as part of the convicted defendant's sentence. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Appellant did not object to or timely appeal his sentence. *See* TEX. R. APP. P. 26.2 (a). Therefore, appellant did not preserve for our review his complaint about his sentences. *See Wright v. State*, 930 S.W.2d 131, 133 (Tex. App.—Dallas 1996, no writ). Moreover, even had he preserved his complaint, the punishment statute does not exclude indigent defendants from the optional fine.[3] *See* TEX. PENAL CODE ANN. § 12.42(c).

Accordingly, the trial court did not err by assessing a fine as part of appellant's sentence or by assessing court costs against him. We resolve appellant's first issue against him.

**B.      Second Issue:  Was it error to assess costs in multiple causes?**

The trial court assessed costs against appellant in all four judgments of conviction. But appellant argues that the court could only assess costs in one judgment because the convictions arise from the same criminal episode and were presented in a single criminal action.

Article 102.073 provides:

(a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

(b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be

---

[3] We recognize that with recent changes to the code of criminal procedure, the trial court is required to consider a convicted defendant's ability to pay costs and fines at the time of sentencing. *See* TEX. CODE CRIM. PROC. art. 42.15. But these changes were not in effect when appellant was sentenced. Moreover, appellant's complaint is not that the trial court did not consider his ability to pay, but that he is automatically exempt from the assessment of costs and fines.

assessed using the highest category of offense that is possible based on the defendant's convictions.

TEX. CODE CRIM. PROC. art. 102.073.[4]  This statute, however, was not effective until 2015, and was not made retroactive to costs or fees imposed before the effective date.  *See* Acts 2015, 84th Leg., ch. 1160 (S.B. 740), §1, eff. Sept. 1, 2015.[5]  The court costs in all four judgments were imposed on November 5, 2010.  Thus, there is no statutory basis for appellant's argument, and we have found no other authority precluding the assessment of costs in multiple convictions before the statute was enacted.  We thus resolve appellant's second issue against him.

C.      **Third Issue:  Is appellant responsible for more than one fine?**

The trial court's sentence of the defendant must be orally pronounced in the defendant's presence.  TEX. CODE CRIM. PROC. art. 42.03, § 1(a); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  A fine is part of a sentence.  *State v. Crook*, 248 S.W.3d 172, 174 (Tex. Crim. App. 2008).  A judgment, including the sentence assessed, is "merely the written declaration and embodiment of that oral pronouncement."  *Taylor*, 131 S.W.3d at 500.

With exceptions not applicable here, the penal code provides that "sentences shall run concurrently" when "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action."  TEX. PENAL CODE § 3.03(a).  But the court of criminal appeals and intermediate Texas appellate courts have held that the judgment should not reflect a cumulated fine when sentences are ordered to run concurrently.  *State v. Crook*,

---

[4] The phrase "[i]n a single criminal action" is not defined, but drawing on the court of criminal appeals' interpretation of the same language used in a different statute, the Waco Court of Appeals construed it to mean allegations and evidence of more than one offense that are presented in a single trial or plea proceeding.  *Hurlburt v. State*, 506 S.W.3d 199, 201–03 (Tex. App.—Waco 2016, no pet.).  This court (and others) have adopted the same construction.  *See Sims v. State*, Nos. 05-18-00139-CR, 05-18-00141-CR, 2018 WL 6333250, at *6 (Tex. App.—Dallas Nov. 29, 2018, no pet. h.) (mem. op., not designated for publication) (relying on prior decision interpreting "single criminal action" under statute relied on in *Hurlburt*); *see also Santoro v. State,* Nos. 02-18-00039-CR, 02-18-00040-CR, 2018 WL 3153564, at *1–2 (Tex. App.—Fort Worth June 28, 2018, no pet. h.) (mem. op., not designated for publication); *Derese v. State*, Nos. 09-17-00100-CR, 09-17-00101-CR, 2017 WL 5180064, at *2 (Tex. App.—Beaumont Nov. 8, 2017, pet. ref'd) (mem. op., not designated for publication); *Valdez v. State*, Nos. 03-16-00811-CR, 03-16-00812-CR, 2017 WL 4478233, at *4 (Tex. App.—Austin Oct. 6, 2017, no pet.) (mem. op., not designated for publication).

[5] The Legislature did give the statute retroactive effect as to offenses committed prior to September 1, 2015 when the fees or costs were imposed after the statute's effective date.  "The change in law made by this Act applies to a court cost or fee imposed on or after the effective date of this Act, regardless of whether the offense for which the cost or fee was imposed was committed before, on, or after that date."  Act of June 19, 2015, 84th Leg., R.S., ch. 1160, § 2, 2015 Tex. Sess. Law. Serv. Ch. 1160 (S.B. 740) (codified as TEX. CODE CRIM. PROC. art. 102.073).

248 S.W.3d 172, 177 (Tex. Crim. App. 2008) (penal code concurrent sentences provision applies to the entire sentence, including fines); *Luera v. State*, No.14–10–00576–CR, 22011 WL 1745237, at \*2 (Tex. App.—Houston [14th Dist.] May 5, 2011, no pet.) (mem. op., not designated for publication) (where jury assessed $10,000 fine for each count and sentences were ordered to run concurrently, judgment should reflect fine of only $10,000).

Here, the trial court orally pronounced a $2,000 fine as part of the punishment in each case and ordered that the sentences run concurrently. But the bill of costs in only one cause number lists a $2,000 fine. Thus, the record reflects that appellant was not charged more than one fine. We resolve appellant's third issue against him.

### III. CONCLUSION

Having resolved all of appellant's issues against him, we affirm the trial court's judgments.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

170900F.U05

–6–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

TERRY C. SHELTON, Appellant

No. 05-17-00900-CV        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F09-20518.
Opinion delivered by Justice Whitehill.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered January 17, 2019.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TERRY C. SHELTON, Appellant

No. 05-17-00901-CV      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F09-73040.
Opinion delivered by Justice Whitehill.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered January 17, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERRY C. SHELTON, Appellant

No. 05-17-00902-CV      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-21198.
Opinion delivered by Justice Whitehill.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered January 17, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERRY C. SHELTON, Appellant

No. 05-17-00903-CV     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-55874.
Opinion delivered by Justice Whitehill.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered January 17, 2019.