

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00144-CR
No. 02-23-00145-CR

_____

THOMAS EDWARD DEMOPOULOS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court Nos. CR15115, CR11818

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

After pleading guilty without the benefit of a plea bargain as to punishment,[1] appellant Thomas Demopoulos was convicted in trial-court cause number CR11818 of two counts of first-degree-felony aggravated sexual assault of a child under age fourteen (Counts Two and Three) and one count of second-degree-felony indecency with a child by contact (Count Four) and in trial-court cause number CR15115 of one count of third-degree-felony bail jumping. Following a punishment trial, the jury assessed Demopoulos's punishment at 90 years in prison and a $10,000 fine for each of Counts Two and Three, 20 years in prison and a $10,000 fine for Count Four, and 10 years in prison and a $10,000 fine for the bail-jumping count. The trial court sentenced Demopoulos accordingly and ordered that his sentences shall run concurrently. This appeal followed.

Demopoulos's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), representing that "[t]his appeal is frivolous[] as there are no grounds that could be argued successfully on appeal." In compliance with *Kelly v. State*, counsel provided Demopoulos with copies of the brief and motion to withdraw and informed him of

---

[1]Although Demopoulos and the State entered into a plea agreement, it did not address the punishment to be imposed for any individual charged offense. In exchange for Demopoulos's pleading guilty to the charges enumerated above, the State agreed (1) to waive the indictment's continuous-sexual-abuse-of-a-child count in cause number CR11818 and (2) not to request the stacking of Demopoulos's sentences for the counts to which he pleaded guilty.

his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). The State did not file a brief.

Demopoulos filed a lengthy pro se response to counsel's *Anders* brief. In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and have found no reversible error.[2] *See Schulman*, 252 S.W.3d at 409.

Although our review of the record revealed no reversible error, we discovered that some fines and costs imposed on Demopoulos are statutorily barred or are

---

[2]In his pro se response, Demopoulos identified a number of potential appellate issues. However, based on our own independent review of the record, we have determined that—other than the trial court's improper cumulation of fines discussed below—all of the potential issues identified by Demopoulos were waived, unsupported by the record, or otherwise frivolous. Beyond our determination that no reversible error exists, we cannot—and therefore do not—address the merits of the issues raised in Demopoulos's pro se response. *See Bledsoe*, 178 S.W.3d at 826–27.

3

otherwise improper. Thus, the trial court's judgments require modification. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has authority to modify a judgment in an *Anders* appeal); *see also Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) ("[A]ppellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error.").

*First*, the record reflects that the trial court erred by assessing duplicate court costs in Demopoulos's two cases. "In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." Tex. Code Crim. Proc. Ann. art. 102.073(a); *Johnson v. State*, Nos. 02-23-00090-CR, 02-23-00091-CR, 02-23-00092-CR, 02-23-00093-CR, 2024 WL 1318238, at *3 (Tex. App.—Fort Worth Mar. 28, 2024, pet. ref'd) (mem. op., not designated for publication). And when a trial court erroneously assesses court costs for multiple convictions that were tried in a single proceeding, we normally retain the court costs for the offense of the highest category and modify the judgment in the offense of the lower category to delete the duplicate court costs. *Pickrom v. State*, Nos. 02-19-00188-CR, 02-19-00189-CR, 2020 WL 1808485, at *2 (Tex. App.—Fort Worth Apr. 9, 2020, pet. ref'd) (mem. op., not designated for publication).

Here, all of the itemized costs reflected in the bill of costs for cause number CR15115 are also listed in the bill of costs for cause number CR11818.[3] Because the offenses in cause number CR11818 are of a higher category than the offense in cause number CR15115, we modify the judgment in cause number CR15115 to delete the $340 award of court costs. *See Pickrom*, 2020 WL 1808485, at *2.

*Second*, the record reflects that the trial court improperly cumulated the fines imposed for each of Demopoulos's four offenses. The bill of costs in cause number CR11818 reflects $30,000 in fines, and the bill of costs in cause number CR15115 reflects an additional $10,000 fine. Further, each of the trial court's four judgments includes and incorporates a separate order to withdraw funds from Demopoulos's inmate account for each $10,000 fine.

The Penal Code provides that sentences for more than one offense involving certain crimes run concurrently. *See* Tex. Penal Code Ann. § 3.03(a). The Texas Court of Criminal Appeals has held that Section 3.03 applies to a defendant's entire sentence, which includes fines. *See State v. Crook*, 248 S.W.3d 172, 174, 177 (Tex. Crim. App. 2008). Thus, "[w]hen sentences are ordered to run concurrently, the judgment should not reflect a cumulated fine." *Habib v. State*, 431 S.W.3d 737, 742

---

[3]Although the bills of costs in the two cases are very similar, the "Capias Warrant Fee" in cause number CR11818 is $100, but the same charge in cause number CR15115 is only $50. Additionally, the bill of costs for cause number CR11818 contains $60 in additional charges that are not reflected in the bill of costs for cause number CR15115. Thus, excluding fines, the total costs in cause number CR11818 are $450, but the total costs in cause number CR15115 are only $340.

(Tex. App.—Amarillo 2014, pet. ref'd); *cf. In re Buchel*, No. 13-18-00509-CR, 2018 WL 6381540, at *4 (Tex. App.—Corpus Christi–Edinburg Dec. 6, 2018, orig. proceeding) (mem. op., not designated for publication) ("Cases following *Crook* have essentially concluded that a defendant cannot be assessed more than one fine where a trial court's order requires that the defendant's sentences run concurrently.").

Because the trial court ordered that Demopoulos's sentences are to run concurrently, he should not be assessed more than one fine. *See Crook*, 248 S.W.3d at 174, 177. Accordingly, we modify the bill of costs in cause number CR11818 to reduce the "Criminal Fine Fee" from $30,000 to $10,000. Similarly, we modify the bill of costs in cause number CR15115 to delete the "Criminal Fine Fee" of $10,000, and having deleted the $340 in court costs from the judgment in that case, we further modify the bill of costs to reflect a balance due of $0. Additionally, we strike the $10,000 orders to withdraw funds from the judgments for Counts Three and Four in cause number CR11818, and we likewise strike the $10,340 order to withdraw funds from the judgment in cause number CR15115.[4]

Except for the duplicative court costs and improperly cumulated fines discussed above, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe*, 178 S.W.3d at 827–28; *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

---

[4]Because the fines were lawfully assessed, we do not delete any of the fines from the judgments themselves. *See Anastassov v. State*, 664 S.W.3d 815, 822–24 (Tex. Crim. App. 2022).

Having modified the judgment in trial court cause number CR15115 (appellate cause number 02-23-00144-CR) to delete the $340 award of court costs and to strike the incorporated order to withdraw $10,340 in funds and having modified the bill of costs in that case to delete the $10,000 "Criminal Fine Fee" and to reflect a balance due of $0, we grant counsel's motion to withdraw in that case and affirm as modified the trial court's judgment. *See Bray*, 179 S.W.3d at 726; *see also Guerin v. State*, Nos. 02-18-00509-CR, 02-18-00510-CR, 2019 WL 4010361, at *3 (Tex. App.—Fort Worth Aug. 26, 2019, no pet.) (mem. op., not designated for publication) (modifying judgments, incorporated orders to withdraw funds, and bills of costs in *Anders* appeal). Further, having modified the trial court's judgments for Counts Three and Four in trial court cause number CR11818 (appellate cause number 02-23-00145-CR) to strike the incorporated orders to withdraw $10,000 in funds and having modified the bill of costs in that case to reduce the "Criminal Fine Fee" from $30,000 to $10,000, we likewise grant counsel's motion to withdraw in that case and affirm as modified the trial court's judgments. *See Bray*, 179 S.W.3d at 726; *see also Guerin*, 2019 WL 4010361, at *3.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 8, 2024